# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON LAU, | ) 1:10cv0421 AWI DLB |
| | ) |
| Plaintiff, | ) ORDER DENYING APPLICATION TO |
| | ) PROCEED IN FORMA PAUPERIS |
| v. | ) (Document 2) |
| | ) |
| GEORGE DEUKMEJIAN, et.al., | ) ORDER DISMISSING ACTION AS |
| | ) DUPLICATIVE |
| Defendants. | ) |

Plaintiff Hon Lau ("Plaintiff"), a state prisoner proceeding pro se, filed the this action on March 8, 2010. He also filed an application to proceed in forma pauperis.

**DISCUSSION**

A. Application to Proceed In Forma Pauperis

A court may deny an application to proceed in forma pauperis at the outset it if appears on the face of the complaint that it is frivolous or without legal merit. Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Here, Plaintiff names several past governors of the State of California as Defendants, including George Deukmejian, Gray Davis, Pete Wilson and Edmond Brown, Jr.  He also names current governor Arnold Schwarznegger and the California National Guard as Defendants.  Plaintiff alleges Defendants have harassed him since 1974 by stalking him, following him "everywhere 24 hours a day, either at his residence and at work," stealing all his mail, tapping his telephone systems, breaking into his home and automobile and stealing all his personal property.  He also alleges that Defendants "wrongly accused and sentenced" him to 50 years to life in prison.  Plaintiff requests $2,500,000 in damages and reversal of his sentence.

Plaintiff's complaint, however, contains nothing other than fanciful allegations that are clearly baseless.  His allegations span as far back as 1974, yet he provides no specific facts as to any dates or events.  Plaintiff's allegations are general and conclusory and cannot provide grounds for relief.

Moreover, the "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  Therefore, Plaintiff cannot state a claim for damages against Defendants George Deukmejian, Gray Davis, Pete Wilson, Edmond Brown, Jr. and Arnold Schwarznegger in their official capacities.  Similarly, Plaintiff cannot sue the California National Guard for damages in federal court because it is entitled to Eleventh Amendment immunity.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Finally, to the extent Plaintiff wishes to challenge his sentence, he must do so by way of writ of habeas corpus.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.  In this instance, Plaintiff has not alleged any facts that suggest his conviction has been invalidated and his complaint for damages under section 1983 is therefore barred. Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

    Based on the above, Plaintiff's application to proceed in forma pauperis is DENIED.

B.    Duplicative Complaint

    The Court also finds that this action is identical to the action filed on the same day in the Sacramento Division of this Court, case number 2:10cv549 CMK.  The Court has ordered additional filings related to Plaintiff's application to proceed in forma pauperis in that action, and it should therefore proceed.

**ORDER**

    Accordingly, the instant action is DISMISSED duplicative.  The Clerk is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:   March 26, 2010**                    /s/ Anthony W. Ishii
                                                               CHIEF UNITED STATES DISTRICT JUDGE